THE STATE for the use of WM. B. CHAFFIN *v.* JEROME BETTICK *et als.*

1. CONSTABLE. *Motion against for non-return of an execution.* A new execution that is issued in another county upon a certified execution, without a proper certificate, is void, and will not support a motion against a Constable for a non-return of the same. The certificate failed to show that the Magistrate was such at the time he rendered the judgment.

Cases cited: Eason *v.* Cummins, 11 Hump.; Apperson *v.* Smith, 5 Sneed.

2. SAME. *Same. Burthen of proof.* The burthen of proof is upon the plaintiff to show the officer's liability, and no presumption exists in his favor that the execution was properly certified. In cases where the certified execution is lost, he must show that it was properly certified; and if he is unable to do this by sufficient evidence, his case must fail.

---

FROM GILES.

---

Appeal from the Circuit Court. A. M. HUGHES, Judge.

JNO. A. TINNON for Chaffin.

BROWN & McCOLLUM for Bettick *et als.*

McFARLAND, Judge, delivered the opinion of the Court.

This is an action against Bettick and his sureties, upon his official bond as Constable. The breaches assigned are, that he failed to return two certain executions issued to him, and that his returns were false and insufficient.

The two executions were issued by a Justice of the Peace of Giles County, and were issued upon two executions issued by a Justice of the Peace of Lawrence County, and filed in his office. The judgments were rendered in Lawrence County, of the same date, each for $500, in favor of the same plaintiff and against the same defendants. The proof shows the executions were issued by the Justice of Lawrence County at the same time, and certified at the same time, and that the two executions issued by the Justice of Giles were issued on the 30th August, 1860. One of the certified executions was read in evidence, the other shown to be lost. The certificate of the Clerk of the County Court of Lawrence County, annexed to the execution produced in evidence, certifies that the Justice of Lawrence who issued the execution was, at the time of signing the same, " an acting Justice of the Peace for said County, duly commissioned and qualified;" but fails to show that he was a Justice at the time he rendered the judgment. The Circuit Judge held that this was a fatal defect, and the execution issued thereon by the Giles County Justice of the Peace was void, and the defendants were not liable for failing to return, or for a false and insufficient return thereof. Under this charge there was verdict and judgment for the defendant. The plaintiff has appealed. Section 3,073 of the Code provides for the manner in which executions shall be thus certified; it requires the certificate to show not only that the Justice issuing the execution was at

the time a Justice of the County, duly commissioned and qualified, but also requires official character of the Justice rendering the judgment to be certified to. This Section was taken from the Act of 1805, ch. 66, which is in this respect similar. This Act has been construed in two cases.

In *Eason* v. *Cummins*, 11 Hum., the certificate, as in this case, failed to show that the person who rendered the judgment was an acting Justice of said county, at the time of the rendition of said judgment. The Court held the proceeding was purely statutory, and as the statute had not been complied with in a material respect, that the execution issued and founded upon the one so certified was void absolutely, and would not justify an officer in seizing property under it.

In *Apperson* v. *Smith*, 5 Sneed, the certificate was similar to the one in the present case; it certified alone to the official character of the Justice *at the time he issued the execution*. This Court held that the execution so certified did not authorize the Justice of another county to issue an execution thereon, and an execution so issued was void.

These authorities sustain the Circuit Judge, and are conclusive against the plaintiff, as to the execution, but it is argued that as to the other case, in which the certificate execution was lost, that it being proven that it was certified, the law presumes it was properly certified, and that the Court erred in his instructions to the jury in placing too much stress upon the fact that the certificate produced was defi-

cient, and in telling the jury they might look to this to determine how the other was. We do not think the charge subject to this criticism. There was proof tending to show that the two certificates were similar. The substance of the charge is, that if they were similar they were both defective.

The burthen was upon the plaintiff to make out his case; to do this he undertook to show that the execution issued to Bettick was founded upon one certified from Lawrence County. The burthen of proof was upon him to show that it was properly certified; if he failed to do this by competent and sufficient evidence, his case must fail. This, we understand, was the substance of the charge, and we think the proof sustains the verdict.

There is no error, and the judgment will be affirmed.